IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO.: |
| *On behalf of itself and all those* | ) | |
| *similarly situated* | ) | JUDGE |
| 8940 Darrow Road | ) | |
| Twinsburg, Ohio 44087 | ) | |
| | ) | |
| Plaintiff | ) | **CLASS ACTION COMPLAINT** |
| | ) | **AND JURY DEMAND** |
| -vs- | ) | |
| | ) | |
| LE MAGASIN DE L'ENCRE *dba* THE | ) | |
| TONER DOCTOR | ) | |
| 21 Rue Hill | ) | |
| Edmunston, Nb E3v 1h8 | ) | |
| Canada | ) | |

Defendant.

## INTRODUCTION

Plaintiff Advanced Dermatology ("Plaintiff") brings this nationwide Class Action Complaint against Defendant Le Magasin de l'Encre *dba* The Toner Doctor ("Defendant") for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ('TCPA") in sending unsolicited facsimiles to people who have not given their consent. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself, and as to all other matters, upon information and belief, including investigation conducted by its attorneys.

1. The TCPA prohibits any unsolicited facsimiles.

## PARTIES

2. Defendant is a Canadian corporation.

3. Defendant sells ink and toner cartridges to medical offices, businesses, schools and individuals, through seven different distribution points within the United States.

1

4. Defendant solicits potential customers with information about its various products and promotions, with its phone and website contact information.

5. Plaintiff is a resident of Ohio who received an unsolicited facsimile from Defendant on its office fax machine without consent.

## JURISDICTION

6. This Court has jurisdiction 28 U.S.C. §1331 and 47 U.S.C. §227.

7. Venue is proper in this District because Defendant committed the act in the Northern District of Ohio.

## FACTS

8. On or about October 24, 2018, Plaintiff received a facsimile on its fax machine from Defendant.

9. The form one-page facsimile, attached hereto as Exhibit 1, stated it was from, "The Toner Doctor" and touted its purpose of "supplying medical and professional offices in the USA".

10. The facsimile solicited Plaintiff with Defendant's phone number, website address, an extensive list of toner and ink products to order at discount prices, with a graphic showing the products are available for free shipping across the United States.

11. Plaintiff had no business relationship with Defendant, did not give Defendant its number, and had not consented to be sent a facsimile.

12. On information and belief, Defendant continues to send these facsimiles nationwide to businesses and individuals without their prior consent to do so.

13. Plaintiff was damaged by these calls by suffering a monetary loss due to the calls, incurring the costs of the use of facsimile paper, ink and toner, loss of employee time to review the facsimile, invasion of privacy, nuisance, interruption of its work day, trespass to its chattel by

interfering with its office facsimile used to aid patients, stress, aggravation, and because a violation of the TCPA itself is a concrete injury.

## CLASS ALLEGATIONS

14. Class Definition: Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or business, defined as follows:

> A. All persons in the United States who received a facsimile from or on behalf of Defendant, and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from Defendant or where the facsimiles did not provide opt out language, within the six years prior to the filing of the Complaint, until this Class is certified.

15. Numerosity: The exact number of the Class is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals and businesses. Class members can be easily identified through Defendant's records.

16. Commonality and Predominance: There are many questions of law and fact common to Plaintiff's claim and that of the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a) Whether Defendant sent the facsimiles or had them sent;

    b) Whether Defendant had consent;

    c) Whether Defendant has processes in place to prevent these calls;

    d) Whether Defendant's conduct was willful;

    e) Whether Defendant's facsimiles were solicitations; and

    f) Whether Defendant's conduct constitutes a violation of the TCPA.

17. Typicality: Plaintiff's claim is typical to the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions.

18. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions including TCPA cases. Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class and have the financial resources to do so.

19. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class.

FIRST CAUSE OF ACTION
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The TCPA expressly prohibits unsolicited facsimile advertising. 47 U.S.C.§ 227(b)(1)(C).

33. Defendant violated this provision by sending an unsolicited facsimile to Plaintiff.

34. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class suffered actual damages as set forth in paragraph 13 above and under Section 227(b)(3)(B), are each entitled to, *inter alia, a* minimum of $500 in statutory damages for each violation.

35. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class to $1,500 per call.

PAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of actual and statutory damages;

D. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

F. Awarding such other and further relief as equity and justice may require.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler, LLC
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-0750 (fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

> */s/ Ronald I. Frederick*
> Ronald I. Frederick (#0063609)
> Frederick & Berler, LLC
> *Attorney for Plaintiff*